UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CORNHUSKER RBM, LLC, et al.,[1] | ) | Case No. 13 B 26443 |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | The Honorable Jack Schmetterer |
| | ) | |
| Joji Takada, not individually, but as | ) | |
| Chapter 7 Trustee of the bankruptcy | ) | |
| estate of Diagnostic P.E.T. Network, LLC | ) | |
| | ) | Adversary No. 15 A 00446 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Molecular Imaging Chicago, LLC | ) | |
| | ) | |
| Defendant. | ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Plaintiff, Joji Takada, not individually, but solely as Chapter 7 Trustee for the bankruptcy estate (the "Trustee") of Diagnostic P.E.T. Network, LLC (the "Debtor"), by his attorneys, Nisen & Elliott, LLC, respectfully requests that this Court enter the following findings of fact and conclusions of law in this matter.

**INTRODUCTION**

This adversary proceeding sought to avoid certain preferential transfers of property pursuant to Section 547(b) of Title 11 of the United States Code (the "Bankruptcy Code") along with other related relief. Molecular Imaging Chicago, LLC (the "Defendant") was served with a summons and complaint and failed to respond as required. On September 8, 2015, the Trustee filed a Motion for A Default Judgment against Defendant. On September 17, 2015, the Court

---

[1] The affiliated debtors in these chapter 7 cases are: DiaTri, LLC, Case No. 13-26447; Midwest Diagnostic Management LLC, Case No. 13-26450; Advanced Ancillary Services, LLC, Case No. 13-26453; and Diagnostic P.E.T. Network, LLC, Case No. 13-26457.

entered an order requiring the Trustee to file proposed findings of fact and conclusions of law sufficient to show that judgment in favor of the Trustee is proper. A Copy of this Court's September 17, 2015 order is attached as <u>Exhibit A</u>. The Court now makes and enters the following Findings of Fact and Conclusions of Law:

## **FINDINGS OF FACT**

1. On June 28, 2013 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division. On August 5, 2013 the bankruptcy case was converted to one under chapter 7 of the Bankruptcy Code.

2. Shortly thereafter, Joji Takada was appointed Chapter 7 Trustee of the Debtor.

3. On June 26, 2015, the Trustee filed an Adversary Complaint commencing the above-captioned adversary proceeding. In the Adversary Complaint, the Trustee sought to avoid and recover, pursuant to sections 547, 548 and 550 of the United States Bankruptcy Code, $8,725.00 in transfers made by the Debtor to the Defendant within 90 days of the Petition Date. In addition, the Trustee sought to disallow any claim held by the Defendant against the Debtor's Estate pursuant to section 502(d) of the United States Bankruptcy Code.

4. On June 26, 2015, the Trustee sent a copy of the Adversary Complaint and the Summons to Defendant by first class United States mail, postage prepaid, at the following address:

Molecular Imaging Chicago, LLC
c/o Reg. Agent Radhika Batra
945 South Vine
Hinsdale, IL 60521

5. The Defendant had until July 27, 2015 to answer or otherwise respond to the Adversary Complaint.

6. To date, the Defendant has not filed an answer or otherwise responded. This Court previously held status hearings on this matter on August 11, 2015, and September 15, 2015, and the Defendant did not appear at either status hearing.

7. Plaintiff filed and served a Motion for Default Judgment on September 8, 2015.

8. On September 17, 2015, the Court entered an order requiring the Trustee to file (1) proposed findings of fact and conclusions of law sufficient to show that judgment in favor of the Trustee is proper; and (2) a proposed order of default, finding that service of summons was properly served and the defendant failed to answer or otherwise plead. See Exhibit A.

9. On November 9, 2015, the Trustee filed a proposed order of default as required by this Court's September 17, 2015 order. See Proposed Order of Default, ~~attached as Exhibit B~~.

## PREFERENCE PAYMENTS

10. Within 90 days prior to the Petition Date, the Debtor made the following payments totaling $8,725.00 (the "Payments") to the Defendant on account of antecedent debts:

| Check Date | Check Amount |
|---|---|
| April 22, 2013 | $4,600 |
| May 22, 2013 | $4,125 |

True and correct copies of these checks are attached hereto as Exhibit C.

## CONCLUSIONS OF LAW

11. The Court has jurisdiction to enter this order pursuant to 28 U.S.C. §§ 1334 and 157(a), and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

12. Under 28 U.S.C. § 157(b)(1), a bankruptcy judge to whom a case has been referred may enter final judgment on core proceedings arising in the case. Proceedings seeking to avoid preferences are core proceedings. 28 U.S.C. § 157(b)(2)(H). As such, this Court has the

authority to enter a final judgment in this proceeding. See also *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015).

## COUNT I PREFERENCES

13.     Section 547(b) of the Bankruptcy Code provides in relevant part:

**(b)** Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

> **(1)** to or for the benefit of a creditor;
>
> **(2)** for or on account of an antecedent debt owed by the debtor before such transfer was made;
>
> **(3)** made while the debtor was insolvent;
>
> **(4)** made—
>
>> **(A)** on or within 90 days before the date of the filing of the petition; or
>>
>> **(B)** between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
>
> **(5)** that enables such creditor to receive more than such creditor would receive if—
>
>> **(A)** the case were a case under chapter 7 of this title;
>>
>> **(B)** the transfer had not been made; and
>>
>> **(C)** such creditor received payment of such debt to the extent provided by the provisions of this title.

14.     The decision to grant a motion for entry of a default judgment lies within the sound discretion of the trial court. *Merrill Lynch Mortgage Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir. 1990).

15.     As stated in the Adversary Complaint, the Debtor made payments to the Defendant totaling $8,725.00 within the ninety-day period prior to the Petition Date on account of antecedent debts to the Defendant.

16. The Payments constituted transfers as defined by Section 101(54) of the Bankruptcy Code.

17. The Payments are avoidable by the Plaintiff Trustee, pursuant to Section 547(b), for the following reasons:

(a) The Payments constituted transfers of property of the Debtor to or for the benefit of the Defendant, a creditor;

(b) The Payments were for or on account of an antecedent debt owed by the Debtor before the Payments were made;

(c) The Payments were made while the Debtor was insolvent;

(d) The Payments were made on or within ninety days before the date of the filing of the Chapter 7 petition; and

(e) The Payments enabled the Defendant, as a creditor, to receive more than such Defendant would receive if the case were a case under Chapter 7 of the Bankruptcy Code, the Payments had not been made, and the Defendant received payment of its indebtedness to the extent provided by the provisions of the Bankruptcy Code.

18. Under the findings outlined above, these payments meet the criteria for avoidance: they constituted transfers as defined by Section 101(54) of the Bankruptcy Code, they were made for or on account of antecedent debt owed by the Debtor, and took place within ninety days prior to the Petition Date. Therefore, this Court finds and declares these transfers are avoidable and avoided pursuant to Section 547(b) of the Bankruptcy Code and awards judgment to the Plaintiff on Count I of the Adversary Complaint.

## COUNT II FRAUDULENT TRANSFERS

19. Count II is cumulative of Count I and is therefore moot.

## COUNT III PREFERENCES - RECOVERY OF AVOIDED TRANSFERS

20. Section 550(a)(1) of the Bankruptcy Code provides in relevant part:

**(a)** Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from—

> **(1)** the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

> **(2)** any immediate or mediate transferee of such initial transferee.

21. As noted above, the Debtor's payments to the Defendant totaling $8,725.00 within the ninety-day period prior to the Petition Date are avoided.

22. Pursuant to Section 550(a)(1) of the Bankruptcy Code, the Trustee may recover the value of the property avoided.

23. Therefore, this Court awards judgment to the Plaintiff against Defendant on Count III of the Adversary Complaint in the amount of $8,725.00.

## COUNT IV DISALLOWANCE OF CLAIM(S)

24. The Defendant has not filed any claims against the Debtor, the Debtor's estate, any affiliated Debtor, or any affiliated Debtor's estate. As a result, Count IV is moot.

## CONCLUSION

For all of the reasons stated herein, judgment will be entered in favor the Plaintiff against the Defendant, Advantage MRI, LLC, in the amount of $8,725.00.

Case 15-00446    Doc 18    Filed 12/14/15    Entered 12/15/15 07:36:13    Desc Main
Document      Page 7 of 7

Enter:

United States Bankruptcy Judge

Dated: DEC 14 2015

**Prepared by:**
Daniel P. Dawson (ARDC# 6199728)
Joseph A. Ptasinski (ARDC# 6306772)
Nisen & Elliott, LLC
200 W. Adams St., Suite 2500
Chicago, Illinois 60606
(312) 346-7800
*Special Counsel to the Trustee*